**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ISMAEL JIMENEZ-PINEDA, | No. 08-71632 |
| Petitioner, | Agency No. A099-831-515 |
| v. | MEMORANDUM[*] |
| ERIC H. HOLDER, Jr., Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 24, 2013[**]

Before:     RAWLINSON, N.R. SMITH, and CHRISTEN, Circuit Judges.

Ismael Jimenez-Pineda, a native and citizen of Honduras, petitions for

review of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's decision denying his application for withholding of removal

and protection under the Convention Against Torture ("CAT").  We have

_____

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We deny the petition for review.

Jimenez-Pineda fears he will be mistakenly identified as a gang member and thus be subject to persecution or torture because he has tattoos.

Substantial evidence supports the agency's conclusion that Jimenez-Pineda failed to establish that it is more likely than not he would be persecuted if returned to Honduras. *See Nagoulko v. INS*, 333 F.3d 1012, 1018 (9th Cir. 2003) (concluding petitioner's fear was "too speculative").

Substantial evidence also supports the agency's denial of CAT relief because Jimenez-Pineda failed to establish it is more likely than not he would be tortured at the instigation of or with the acquiescence of the government if returned to Honduras. *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008).

**PETITION FOR REVIEW DENIED.**